**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE ALBERTO IBARRA-LOPEZ,<br>Petitioner,<br>v.<br>TODD LYONS, et al.,<br>Respondents. | No. 1:26-cv-01799 JLT EPG (HC)<br>A-Number: 205-117-403<br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING RESPONDENTS' MOTION TO LIFT NO-TRANSFER ORDER; DIRECTING CLERK OF COURT TO CLOSE CASE<br>(Docs. 1, 8, 10) |

Petitioner, an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, has resided in the United States since approximately 2001. (Doc. 1, ¶ 22.) He has U.S. Citizen daughter and son. (Doc. 1, ¶¶ 22, 23.) His son, born in 2015, has been diagnosed with moderately severe autism. (*Id.*) Petitioner was placed in removal proceedings in 2012. (*Id.*) He applied for cancellation of removal, but on September 11, 2014, an Immigration Judge denied that application and ordered him removed from the United States. (*Id.*, ¶ 24.) The BIA dismissed Petitioner's appeal from that order, and the Ninth Circuit subsequently dismissed his petition for review. (*Id.*, ¶ 25.)

In January 2017, Petitioner filed a motion to re-open his removal proceedings to apply for asylum based on changed country conditions and his son's autism diagnosis. (*Id.*, ¶ 26.) At some

point in 2023, Petitioner was released on an order of supervision. (*Id.*, ¶ 28.)[1] Nothing in the record suggests Petitioner violated any condition of release. (*Id.*) On September 10, 2025, at a regular check in with ICE, Petitioner was re-detained. (*Id.*, ¶ 4.) That same day Petitioner was served with a Notice of Revocation signed by the Assistant Field Office Director of ICE's San Francisco Field Office informing Petitioner that ICE had determined that he could be "expeditiously removed" from the United States pursuant to the outstanding order of removal against him. (Doc. 6-2 at 1.)

On January 29, 2026, the BIA denied Petitioner's 2017 motion to reopen. (Doc. 1, ¶ 27.) Petitioner timely filed a petition for review with the Ninth Circuit Court of Appeals, which remains pending. (*Id.*) On February 3, 2026, the Ninth Circuit issued a temporary stay of removal pending further order. (Doc. 6-1 at 1.) However, on May 28, 2026, the Ninth Circuit denied Petitioner's motion for a stay of removal. (Doc. 8-2.) On May 29, Respondents filed a motion to lift this Court's order prohibiting removal or transfer. (Doc. 8.)

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On June 12, 2026,[2] the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted on Count Seven, Respondents' motion to lift no-transfer order be denied as moot, and Respondents be ordered to immediately release Petitioner. (Doc. 10.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.*) On June 26, 2026, Respondents filed timely objections. (Doc. 11.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes it cannot grant the relief requested and thus must decline to adopt the findings and recommendations.

The Court assumes for purposes of this order that the findings and recommendations

---

[1] The details of the detention that led to this release and the release conditions themselves are not clear on the present record.

[2] The findings and recommendations were signed on June 11, 2026, but not docketed until June 12, 2026.

correctly conclude that Respondents did not comply with their own regulations, including 8 C.F.R. §§ 241.13(i), when they re-detained Petitioner in September 2025 because, most notably, they did not at that time have information that could substantiate a finding that circumstances had changed since Petitioner's 2023 release on supervision. However, on May 28, 2026, after Petitioner's re-detention and while this case was pending, the Ninth Circuit declined to stay Petitioner's removal which lifted the temporary stay of removal. Thus, Petitioner is now imminently removable from the United States, *see Dada v. Mukasey*, 554 U.S. 1, 21 (2008) (absent a stay, final order of removal may be executed notwithstanding pending motion to reopen), and the only thing preventing his removal is this Court's order. This alters the legal landscape because even if his initial re-detention was *ultra vires*, the government can nonetheless detain Petitioner to initiate his imminent removal. As one district court has indicated, detention pursuant to imminent removal "might reasonably be thought of as implicit in the concept of 'removal' itself." *Diallo v. Joyce*, 817 F. Supp. 3d 202, 208 (S.D.N.Y. 2025). Because the Court lacks jurisdiction to interfere with the implementation of a final, fully executable order of removal, 8 U.S.C. § 1252(g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter"), the Court concludes it cannot offer habeas relief here and that Petition must be **DENIED**.

Accordingly, the Court **ORDERS**:

1. The Court declines to adopt the findings and recommendations issued on June 18, 2026. (Doc. 10.)
2. The petition for writ of habeas corpus is **DENIED**.
3. Respondents' motion to lift no-transfer order (Doc. 8) is **GRANTED**.

///

///

///

///

///

4. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _August 19, 2026_

UNITED STATES DISTRICT JUDGE